# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-00449-BCW |
| ) | 4:13-CV-00344-BCW |
| ) | 4:13-CV-00505-BCW |
| ) | 4:13-CV-00563-BCW |
| ) | |
| VITAS HOSPICE SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the United States' Motion to Enter: (A) Protective Order Governing the Disclosure of Confidential Information; and (B) Stipulated FRE 502 Order Concerning Non-Waiver of Privileges (Doc. #92). The Court, based upon the agreement of the Plaintiff, Relators, Defendants, and the United States, hereby acknowledges the parties' stipulation and grants the Motion for Order regarding Non-Waiver of Privileges as follows.

Plaintiff, Relators, and Defendants (the "parties") have jointly moved for the Court to enter an order pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B) to avoid waiver of the attorney-client privilege, applicable governmental privileges, work product doctrine, or any other privilege or immunity available under applicable law as a result of the inadvertent production of documents in discovery in the above-captioned action:

WHEREAS, the parties may be producing in discovery in this action certain documents, including electronically stored information (documents), and other information (i.e., testimony)

1

that may not be protected from disclosure or otherwise exempted from disclosure under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable source of law;

WHEREAS, the parties desire to complete discovery as expeditiously as possible, while preserving and without waiving any and all privileges and protections applicable to the information produced;

WHEREAS, documents and testimony produced in this action may contain privileged information protected from disclosure based on a legally-cognizable privilege and not subject to discovery under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable source of law ("privileged information");

WHEREAS, documents and testimony produced in this action may contain attorney work-product protected from disclosure and not subject to discovery under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable source of law ("work-product information");

WHEREAS, the parties acknowledge that despite the reasonable steps taken by each party to prevent inadvertent disclosure under Federal Rule of Evidence 502(b), some privileged information and/or work-product information may be inadvertently disclosed to opposing parties during the course of this litigation;

WHEREAS, the undersigned parties desire to avoid waiver of privilege or any other applicable protection as a result of the inadvertent disclosure of privileged information and/or work-product information and to keep such information confidential to the maximum extent possible, it is hereby ORDERED:

The receiving party shall not contend that the inadvertent disclosure of privileged information or work-product information, which is subject to a reasonable claim that it should

2

have been withheld from disclosure, constitutes a waiver of the privilege or doctrine, if the producing party requests the return or destruction of the information containing privileged information or work-product information by the receiving party within twenty (20) business days upon becoming aware of the inadvertent or mistaken disclosure of privileged information or work-product information.

    **1.** Production of any privileged information and/or work-product information consistent with the terms of this agreement is inadvertent and shall not result in the waiver of any privilege or protection associated with the produced materials or a subject matter waiver of any kind.

    **2.** If a producing party believes that privileged information and/or work-product information was inadvertently produced or disclosed in this case, the producing party shall so notify the receiving party in writing ("Notice") within the tie frame identified above, along with a privilege log (or privilege log entry, as appropriate). The Notice shall include a privilege log that identifies the information that the producing party asserts is privileged information and/or work-product information by Bates number or transcript line and page. If the producing party claims that only a portion of a document is privileged or protected, the producing party shall provide, along with the Notice and the privilege log, a new copy of the document with the inadvertently produced information redacted.

    **3.** The receiving party shall notify the producing party, within ten (10) business days, upon determining that information obtained in discovery of this case appears on its face, or in light of facts known to the receiving party, to contain potentially privileged information and/or work-product information by identifying the potentially privileged information by Bates number and shall return, sequester or destroy the potentially privileged information. Such notification

3

shall not waive the receiving party's ability to subsequently challenge any assertion of privilege or protection with respect to the identified document or information. Nothing in this agreement shall shift the burden from the producing party to the receiving party to assert privileges or protections on behalf of the producing party. Nothing in this agreement shall be construed to impose upon the receiving party an obligation to review the producing party's production for privileged information or work product information. The producing party agrees that it will not contend that counsel for the receiving party (or their agents) are tainted by the receipt or review of information the producing party contends or a court deems to be inadvertently produced under the terms of this agreement provided the receiving party has not violated the terms of this agreement.

4. Any documents or testimony, including copies, that the producing party asserts contain inadvertently disclosed privileged information and/or work-product information shall be promptly returned to the producing party, sequestered by the receiving party, or destroyed at the producing party's option. In the event that the producing party requests destruction, the receiving party shall provide written notice of compliance within ten (10) business days of the producing party's request. In the event the receiving party disagrees with a privilege or work-product claim, the receiving party shall provide written notice of the disagreement. The parties shall then first try to resolve the dispute in good faith on an informal basis by engaging in a substantive meet and confer. The parties have twenty-one (21) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention. If the parties determine that the dispute cannot be informally resolved, the receiving party may present the disputed information to the Court under seal for *in camera* inspection and determination of the privilege and/or work-product claim within fourteen (14) business days of the date the parties determine

the dispute cannot be informally resolved. The producing party must preserve the information until the claim is resolved.

**5.** A receiving party may not use or disclose information the producing party claims is privileged information and/or work-product information under this agreement until the claim is resolved. If a receiving party disclosed the privileged and/or work-product information before being notified of the inadvertent production, it shall make its best efforts to retrieve the privileged information and/or work-product information and, within ten (10) business days of discovering that the information was used or disclosed, inform the producing party of the circumstances surrounding the disclosure and retrieval efforts.

**6.** This agreement is intended to be consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and the accompanying Advisory Committee Notes, and Federal Rule of Evidence 502.

**7.** Pursuant to Federal Rule of Evidence 502(e), this agreement shall be binding on the parties when signed regardless of whether or when the Court enters this agreement as an order; *provided, however*, that if the Court enters these stipulations as an order, the provisions of Rule 502(d) and not Rule 502(e) shall govern. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged material and/or work product material in the production of materials and/or documents that is consistent with the terms of this agreement shall not waive the claim of privilege or protection in any other federal or state proceeding.

**8.** This agreement shall survive the final termination of this case and shall apply to retained documents (if any) and the contents thereof.

**9.** Nothing in this agreement shall prejudice the right of any party to object to the production of any information upon any appropriate ground, including any applicable privilege

or protection, and nothing herein shall be construed as a waiver of such rights. Nothing in these stipulations shall prejudice the right of any party to object to the admissibility at trial of any evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

**10.** All documents produced by the parties to one another prior to the entry of this agreement are subject to this agreement.

IT IS SO ORDERED.


DATED: April 21, 2014

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT