IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:13-cv-00449-BCW |
| ) | |
| VITAS HOSPICE SERVICES, L.L.C., *et al*., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE DR. SOLOMON LIAO'S
SECOND SUPPLEMENTAL EXPERT REPORT**

Pursuant to Federal Rules of Civil Procedure 26 and 37, Vitas respectfully requests the Court to strike the untimely supplemental expert report of the government's medical expert, Dr. Solomon Liao, regarding Continuous Home Care ("CHC"), for the following reasons:

1. The government served Dr. Liao's second supplemental report, without seeking leave to do so, on March 30, 2017 ("Supplemental Report or Supplement"). Despite having nearly 3 years to review the medical charts, the government waited (1) over 10 months after serving Dr. Liao's initial reports, (2) nearly 5 months after receiving notice from Vitas of specific fundamental and pervasive errors in Dr. Liao's initial reports, (3) until after receiving Vitas' medical expert's rebuttal CHC report, and (4) less than 3 days before Dr. Liao's long-scheduled deposition before submitting a Supplemental Report for Dr. Liao, which materially revised 65 out of 108 of his patient summaries that he has re-reviewed thus far.[1]

2. Dr. Liao's Supplemental Report does not merely fix administrative or inadvertent errors; he made significant changes to the bases of his opinions, all of which would need to be

---

[1] Dr. Liao authored 93 additional patient summaries as part of his expert report, which he currently is re-reviewing. The government has informed Vitas that Dr. Liao intends to make corrections to these patient summaries as well.

thoroughly analyzed, rebutted, and addressed at deposition and in a rebuttal report. In the Supplement, Dr. Liao changed 65 of the 108 patient summaries he re-reviewed thus far, totaling 104 pages of revised expert opinion.[2] In other words, he changed the "most significant and important details from the medical record" underlying his opinions in over <u>60%</u> of the patient summaries he has been directed by the government to review to-date. And, he is only approximately half-way through his re-review of his patient summaries and intends to file a <u>third</u> supplemental report containing revised patient summaries at some unspecified time as well.

3. Federal Rule of Civil Procedure 26(e) does not permit supplemental reports for the purpose of making changes based on previously available information. None of Dr. Liao's revisions are based on any new information that he did not have at the time he drafted his initial and first supplemental reports and summaries. To supplement his report at government counsel's direction, he reviewed the same medical records as he did for his initial and first supplemental reports. Vitas notified the government about specific errors in Dr. Liao's patient summaries nearly five months prior.

4. Rule 16(b) grants the district court broad discretion to preserve the integrity and purpose of its scheduling order. Thus, courts reject supplemental expert reports where the information forming the basis of supplementation was readily available long before the report was filed and the other party would be prejudiced, especially where, as here, the remedy for such prejudice – a significant extension of all of the remaining deadlines in the case, including the trial date -- would require disrupting the order and efficiency of the trial. For his Supplement, Dr. Liao relied only on a re-reading at government counsel's direction of the same medical

---

[2] On December 6, 2016, in connection with the Court-ordered mediation, Vitas identified for the government specific factual errors committed by Dr. Liao in 22 patient summaries. To date, Dr. Liao has reviewed 21 of those patient summaries and made changes to 19 of them.

records that he reviewed previously.  No new medical records were provided in connection with the Supplement.

5.      Vitas would be severely harmed by the Supplemental Report.  It would need months, and considerable resources, for its expert to review and analyze Dr. Liao's material alterations and revise his own rebuttal report accordingly.  It would be required, for instance, to re-read each chart for which Dr. Liao changed his page references.  Vitas also would need time to re-depose Dr. Liao.

6.      Under the already tight Scheduling Order, expert discovery closes on June 16, 2017 and motions for summary judgment and Daubert motions are due on July 21, 2017, with trial scheduled for the following February.  If Dr. Liao's Supplemental Report were allowed to stand, it would require substantial revisions to the Scheduling Order.  Expert discovery would need to be significantly extended—which in turn would cause a cascading extension of the remainder of the deadlines in the case.  It also improperly permits one party an endless material supplementation of expert opinion based on known information.

For the reasons set forth above and in further detail in Defendants' Suggestions in Support of Their Motion to Strike Dr. Liao's Second Supplemental Report, which is filed herewith and incorporated herein, Dr. Liao's Supplemental Report should be stricken.[3]  Defendants also respectfully request that the Court set a hearing for this motion.

WHEREFORE, Defendants respectfully request that the Court grant this motion and strike Dr. Liao's Supplemental Report.[4]

---

[3] The Suggestions in Support and the accompanying exhibits are being filed under seal pursuant to the Protective Order, as they contain confidential information, including personal health information.

[4] To the extent that the Supplement and any further supplements are allowed, Vitas would need, and requests, time to fully and fairly respond to the supplements and re-depose Dr. Liao.

3

Respectfully submitted,

/s/ Stacey M. Bowman
Stacey M. Bowman #60778
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Phone: 816-983-8000
Fax: 816-983-8080
stacey.bowman@huschblackwell.com

Harvey M. Tettlebaum #20005
HUSCH BLACKWELL LLP
235 East High Street, Suite 200
P.O. Box 1251
Jefferson City, Missouri 65101
Phone: 573-635-9118
Fax: 573-634-7854
harvey.tettlebaum@huschblackwell.com

Peter S. Spivack *Pro Hac Vice*
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004-1109
Phone: 202-637-5600
Fax: 202-637-5910
peter.spivack@hoganlovells.com

Stephanie L. Carman *Pro Hac Vice*
HOGAN LOVELLS US LLP
600 Brickell Avenue, 27th Floor
Miami, Florida 33131
Phone: 305-459-6500
Fax: 305-459-6550
stephanie.carman@hoganlovells.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, a true copy of the foregoing to be furnished via CM/ECF to all counsel of record.

          /s/ Stacey M. Bowman
          Stacey M. Bowman #60778